IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MARY SMITH**                                                                                                            **PLAINTIFF**

**v.**                                                         CIVIL ACTION NO.   **1:22cv135 TBM-RPM**

**NEW PALACE CASINO, LLC; AND**
**GEORGE ALEXANDER, INDIVIDUALLY**                                                **DEFENDANTS**

**COMPLAINT**
**JURY TRIAL DEMANDED**

**COMES NOW** the Plaintiff, Mary Smith, by and through her counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of her rights under the Family and Medical Leave Act of 1993 and the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et. seq.*, as amended, ("ERISA") against Defendant New Palace Casino, LLC.  Defendant, New Palace Casino, LLC, intentionally and willfully retaliated against Plaintiff in violation of the FMLA.  Plaintiff also files this action to recover damages for her claim of tortious interference with employment against Defendant George Alexander, individually, as well as her claims pursuant to the FMLA.  In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

1.      Plaintiff, Mary Smith, is an adult female who resides in Harrison County, Mississippi and is qualified employee within the meaning of the FMLA.

2.      Defendant, New Palace Casino, LLC, is a covered employer within the meaning of the FMLA and may be served with process through its Registered Agent: J. Henry Ros, 925 Tommy Munro Drive, Suite H, Biloxi, Mississippi 39532.

3.      Defendant, George Alexander, individually, may be served with process at his place of employment, New Palace Casino, LLC, 158 Howard Avenue, Biloxi,

Mississippi 39530.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction and venue is proper in this court.

## STATEMENT OF FACTS

5. Plaintiff is a 55-year-old female resident of Harrison County, Mississippi.

6. Plaintiff was hired on June 12, 2012, as a Front Desk Worker at New Palace Casino, LLC (NPC).

7. In April 2016, Plaintiff was promoted to Golf and Group Sales Coordinator.

8. NPC has well over 50 employees within a 75-mile radius of where Plaintiff was working and thus is a covered employer within the meaning of the FMLA.

9. Plaintiff worked over 1,250 hours during the year prior to her termination and thus was a qualified employee within the meaning of the FMLA.

10. Plaintiff received health insurance coverage through her employment with NPC.

11. In November 2018, Plaintiff was diagnosed with cancer.

12. Soon thereafter, Plaintiff began receiving regular treatments of chemotherapy.

13. Plaintiff reported her medical condition and the ongoing treatments to her employer.

14. Despite these ongoing treatments, Plaintiff was able to maintain a full-time schedule at NPC.

15. During 2019, Plaintiff took FMLA leave to undergo surgery and to recover from it.

16. Prior to that time, Plaintiff applied and was approved to use FMLA leave to

cover the time off.

17. After that, Plaintiff again took FMLA leave to undergo and recover from a second surgery on July 27, 2020, and she was out for six weeks thereafter.

18. On or around July 12, 2021, Plaintiff was informed that she had been scheduled to resume radiation therapy during the week of July 26-30.

19. Plaintiff notified Immediate Supervisor Mary Hinton that on those days she would need to leave work early, i.e., around 2:30 – 3:00 p.m.

20. Normally Plaintiff worked until 4pm.

21. On July 26, 2021, Hotel Director George Alexander notified Plaintiff that she was terminated.

22. Specifically, Mr. Alexander stated, "Your services are no longer required."

23. Plaintiff contends that Ms. Hinton regularly kept Mr. Alexander aware of Plaintiff's medically related leave, so Mr. Alexander had knowledge of Plaintiff's resumption of radiation therapy from Ms. Hinton.

24. Plaintiff contends that after she was terminated, NPC's health insurance premiums became substantially lower.

## CAUSES OF ACTION

### COUNT I:  FMLA – RETALIATION – DEFENDANTS NPC AND GEORGE ALEXANDER, INDIVIDUALLY

25. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 24 above as if fully incorporated herein.

26. Defendants willfully retaliated against in violation of FMLA.

27. Plaintiff has been harmed as a result of this retaliation, and Defendant are liable to Plaintiff for the same.

29. As a result of Plaintiff taking protected FMLA leave, Plaintiff has been subjected to an adverse employment action under FMLA.

29. Under FMLA, it was unlawful for Defendants to discriminate against Plaintiff who used FMLA and/or because Plaintiff was going to use FMLA as a negative factor in, promotion decisions, discipline, or other employment actions.

30. The Defendants are prohibited from interfering with, or denying the exercise of (or attempts to exercise) any rights provided to Plaintiff under FMLA.

## COUNT II: VIOLATION OF ERISA

31. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 30 above as if fully incorporated herein.

32. Defendant NPC unlawfully discriminated against Plaintiff and discharged Plaintiff who was a participant in Defendant's health and welfare plans, thus intentionally interfering with Plaintiff's ERISA protected rights. By terminating Plaintiff for taking leave, Defendant NPC was intentionally discriminating against Plaintiff and interfering with Plaintiff's ERISA protected rights.

33. Such actions constitute of violation of Section 510 of ERISA and entitle Plaintiff to reinstatement, including retroactive reinstatement of all health and welfare benefits, back pay, a surcharge, and attorney fees.

## COUNT III: TORTIOUS INTERFERENCE WITH EMPLOYMENT AGAINST DEFENDANT GEORGE ALEXANDER, INDIVIDUALLY

34. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 33 above as if fully incorporated herein.

35. Plaintiff had an employment relationship with Defendant New Palace Casino, LLC and Defendant George Alexander was aware of Plaintiff's employment relationship with Defendant New Palace Casino, LLC.

36. Defendant Alexander, tortiously interfered in Plaintiff's contractual or or business relationship with Defendant New Palace Casino, LLC.

37. As such, Plaintiff is seeking an award of compensatory damages in an amount to be determined by the jury to fully compensate her for Defendant George Alexander's actions in tortiously interfering with her employment relationship with Defendant New Palace Casino, LLC.

38. In addition, Defendant Alexander's actions were done maliciously with the intent to cause Plaintiff professional and personal injury.

39. As such, Plaintiff is entitled to an award of punitive damages against Defendant Alexander in an amount to be determined by the jury.

## **PRAYER FOR RELIEF**

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back wages;
2. Reinstatement or front pay in lieu of reinstatement;
3. Compensatory damages;
4. Liquidated damages;
5. Punitive damages;
6. Lost benefits;
7. Tax gross-up and all make whole relief:
8. Pre-judgment and post-judgment interest;
9. Attorney's fees;
10. Costs and expenses; and
11. Any other relief pursuant to the FMLA, ERISA and/or Mississippi law to which she may be properly entitled or any such other relief as the Court deems just and appropriate.

THIS the 31st day of May 2022.

                              Respectfully submitted,

                              MARY SMITH, PLAINTIFF

                         By:  /s/Louis H. Watson, Jr.,
                              Louis H. Watson, Jr.  (MB# 9053)
                              Nick Norris (MB# 101574)
                              Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, MS 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Web:  www.watsonnorris.com